UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

ISAAC INDUSTRIES, INC.,                   CASE NO.:
a Florida Corporation

       Plaintiff,

vs.

PETROQUIMICA DE VENEZUELA, S.A.,
BARIVEN, S.A., PDVSA SERVICES, B.V.,
PETROLEOS DE VENEZUELA, S.A.

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, ISAAC INDUSTRIES, INC., a Florida Corporation, hereby sues Defendants, PETROQUIMICA DE VENEZUELA, S.A., BARIVEN, S.A., PDVSA SERVICES, B.V., PETROLEOS DE VENEZUELA, S.A., and for its Complaint alleges:

1. Plaintiff, ISAAC INDUSTRIES, INC. ("ISAAC") is a Florida Corporation formed under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida.

2. Plaintiff, ISAAC INDUSTRIES, INC. was founded in 1970 and engages in the wholesale distribution of chemicals and allied products.

3. Defendant, PETROQUIMICA DE VENEZUELA, S.A. ("PEQUIVEN"), is a foreign entity located in the Bolivarian Republic of Venezuela.  PEQUIVEN operates as a petrochemical company engaged in the production and sale of petrochemical products which includes fertilizers, industrial chemical products, olefins, and plastic resins.

4. Defendant, PETROLEOS DE VENEZUELA, S.A. ("PDVSA") is a foreign entity located in the Bolivarian Republic of Venezuela. PDVSA is a Venezuelan state-owned and state-controlled oil company. PDVSA and its subsidiaries and affiliates are responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provide funding for other operations of the Venezuelan government.

5. Defendant, BARIVEN, S.A., ("BARIVEN") is a foreign entity located in the Bolivarian Republic of Venezuela. BARIVEN is a wholly owned subsidiary of Defendant, PDVSA, and is primarily engaged in acquisition of equipment and machinery used in the oil exploration and extraction processes of PDVSA. BARIVEN is merely an agent through which PDVSA conducts business in this jurisdiction.

6. Defendant, PDVSA SERVICES, B.V. ("PSBV"), is a foreign entity located in in the Netherlands. PSBV acts as the purchasing agent for Defendant, BARIVEN.

7. This Court has subject matter jurisdiction over this action pursuant to 28 § 1332 because the amount in controversy exceed $75,000, the Plaintiff is a citizen of Florida, and the Defendants are foreign entities.

8. This Court has personal jurisdiction over Defendants, BARIVEN, PDVSA, and PSBV because they conducted business in this State by sending purchase orders to a Florida Corporation. These entities agreed to tender all payments required by those purchase orders within this State. Finally, these entities breached the requirement to tender payment, which caused harm to ISAAC, a Florida corporation.

9. This Court has personal jurisdiction over Defendant, PEQUIVEN because it entered into an agreement requiring it to tender certain payments within this State. Additionally, PEQUIVEN breached the agreement to tender payment, which caused harm to ISAAC, a Florida

corporation.  Finally, PEQUIVEN expressly agreed not to challenge jurisdiction in the agreement at issue.

10. This Court has personal jurisdiction over Defendant, PDVSA, based upon the activities of BARIVEN and because BARIVEN is merely an agent through which PDVSA conducts business in this jurisdiction.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred herein.

12. All conditions precedent to this action have occurred or have been waived.

## **GENERAL ALLEGATIONS**

13. In 2014, Plaintiff entered into a contract to sell BARIVEN, PSBV, and PDVSA $17,831,772.18 worth of 2-Ethylhexanol, which were delivered as ordered.  Included with those shipments were three invoices, which were broken down as follows:

   a. Invoice 250122, dated 7/6/14, in the amount of $5,941,928.83.  Payment on this invoice was due on September 4, 2014;

   b. Invoice 25012, dated 7/6/14, in the amount of $5,950,000.00.  Payment on this invoice was due on September 4, 2014;

   c. Invoice 25114, dated 9/19/14, in the amount of $5,939,843.35.  Payment on this invoice was due on November 18, 2014;

*See* Composite Exhibit "A."

14. Defendants, BARIVEN, PSBV, and PDVSA failed to pay any of the above referenced invoices when they became due.

15. As a result of BARIVEN, PSBV, and PDVSA's collective failure to remit payment for the above referenced goods, Defendant, PEQUIVEN undertook the obligation to make the payments owed to ISAAC.

16. Specifically, after being asked by PEQUIVEN's Manager of Planning and Market Intelligence to attend a meeting at the Viceroy Hotel on Brickell Avenue in Miami, Florida on September 24, 2016, ISAAC and PEQUIVEN entered into a written agreement regarding the payment obligation. A true and correct copy of the written agreement with an attached translation is attached as Exhibit "B."

17. Pursuant to this written agreement, PEQUIVEN agreed to pay Plaintiff the sum of Seventeen Million Eight Hundred Thirty One Thousand Seven Hundred Seventy-two Dollars and Eighteen Cents ($17,831,772.18) in consideration for ISAAC's release of the debt owed by BARIVEN, PSBV and PDVSA. This release was wholly contingent upon full payment by PEQUIVEN and barring such full payment, BARIVEN, PBSV, and PDVSA remained responsible for the outstanding balance. *See Id.* at pg. 2.

18. Pursuant to the written agreement, and with the 6% agreed upon interest rate contained therein, PEQUIVEN became obligated to remit payments to ISAAC under the following schedule:

    a. $2,947,541.93 on or before December 31, 2016

    b. $3,030,897.76 on or before March 31, 2017;

    c. $2,992,000.99 on or before June 30, 2017;

    d. $2,952,189.00 on or before September 30, 2017;

    e. $2,910,088.96 on or before December 31, 2017;

    f. $2,866,158.48 on or before March 31, 2018;

    g. $2,825,431.27 on or before June 30, 2018.

*Id.*

  19. Recognizing the enforceability of its obligations under the written agreement, PEQUIVEN honored the agreement and timely tendered the first payment required.

  20. However, PEQUIVEN failed to comply with the remainder of the payment schedule and is therefore, in breach of the written agreement.

  21. Additionally, BARIVEN, PSBV, and PDVSA have failed to tender any of the payments due pursuant to the purchase orders dated July 6, 2014 or September 19, 2014.

## COUNT I – BREACH OF WRITTEN CONTRACT
*(Against Pequiven)*

  22. Plaintiff re-alleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

  23. In 2016, ISAAC and PEQUIVEN entered into a written agreement. A true and correct copy of the written agreement with an attached translation is attached as Exhibit "B."

  24. Pursuant to this written agreement, PEQUIVEN agreed to pay Plaintiff the sum of Seventeen Million Eight Hundred Thirty One Thousand Seven Hundred Seventy-two Dollars and Eighteen Cents ($17,831,772.18) in consideration for Plaintiff's release of the debt owed by BARIVEN, PSBV and PDVSA. This release was wholly contingent upon full payment by PEQUIVEN and barring such payment, BARIVEN, PBSV, and PDVSA remained responsible for the outstanding balance. *See Id.* at pg. 2.

  25. Pursuant to the written agreement, and with the 6% agreed upon interest rate, PEQUIVEN was required to remit payments under the following schedule:

    a. $2,947,541.93 on or before December 31, 2016

    b. $3,030,897.69 on or before March 31, 2017;

  c. $2,992,000.92 on or before June 30, 2017;

  d. $2,952,188.92 on or before September 30, 2017;

  e. $2,910,088.89 on or before December 31, 2017;

  f. $2,866,158.41 on or before March 31, 2018;

  g. $2,825,431.20 on or before June 30, 2018.

26. Recognizing the enforceability of its obligations under the written agreement, PEQUIVEN honored the agreement and tendered the first payment required on December 31, 2016 in the amount of $2,947,542.00.

27. However, PEQUIVEN failed to comply with the remainder of the payment schedule and is therefore, in breach of the written agreement.

28. As a result of the above described breach, Plaintiff has been damaged in the amount of the entire balance outstanding principal amount of $16,702,732.62 plus interest due at time of payment of this balance.

WHEREFORE, Plaintiff, ISAAC INDUSTRIES, INC. hereby demands judgment be entered against Defendant, PETROQUIMICA DE VENEZUELA, S.A. ("PEQUIVEN") in the amount of $16,702,732.62 plus interest due at time of payment of this balance in addition to all costs incurred in this matter.

## COUNT II – BREACH OF CONTRACT
*(Against Bariven, PSBV, and PDVSA)*

29. Plaintiff re-alleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

30. In 2014, Plaintiff entered into a contract to sell BARIVEN, PDVSA and PSBV $17,831,772.18 worth of 2-Ethylhexanol, which were delivered as ordered. Included with those shipments were three invoices, which were broken down as follows:

    a. Invoice 250122, dated 7/6/14, in the amount of $5,941,928.83.  Payment on this invoice was due on September 4, 2014;

    b. Invoice 25012, dated 7/6/14, in the amount of $5,950,000.00.  Payment on this invoice was due on September 4, 2014;

    c. Invoice 25114, dated 9/19/14, in the amount of $5,939,843.35.  Payment on this invoice was due on November 18, 2014;

*See* Composite Exhibit "A."

31. Defendants, BARIVEN, PSBV, and PDVSA failed to pay any of the above referenced invoices when they became due.

32. Notwithstanding, due to a partial payment received from PEQUIVEN, the principal amount remaining due is $16,702,732.62

WHEREFORE, Plaintiff, ISAAC INDUSTRIES, INC. hereby demands judgment be entered against Defendants, BARIVEN, PSBV, and PDVSA in the amount of $16,702,732.62 plus interest due at time of payment of this balance in addition to all costs incurred in this matter.

### COUNT III – ACCOUNT STATED
*(Against Bariven, PSBV, and PDVSA)*

33. Plaintiff re-alleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

34. In 2014, Plaintiff entered into a contract to sell BARIVEN, PDSVSA, and PSBV $17,831,772.18 worth of 2-Ethylhexanol, which were shipped under three separate purchase orders.  The purchase orders are as follows:

    a. Invoice 250122, dated 7/6/14, in the amount of $5,941,928.83.  Payment on this invoice was due on September 4, 2014;

      b. Invoice 25012, dated 7/6/14, in the amount of $5,950,000.00. Payment on this invoice was due on September 4, 2014;

      c. Invoice 25114, dated 9/19/14, in the amount of $5,939,843.35. Payment on this invoice was due on November 18, 2014;

*See* Composite Exhibit "A."

35. Defendants, BARIVEN, PSBV, and PDVSA agree that the above referenced statements are true and accurate and admit that they are liable for these payments.

36. Nevertheless, Defendants, BARIVEN, PSBV, and PDVSA failed to pay any of the above referenced invoices when they became due.

37. Notwithstanding, due to a partial payment received from PEQUIVEN, the principal amount remaining due is $16,702,732.62

WHEREFORE, Plaintiff, ISAAC INDUSTRIES, INC. hereby demands judgment be entered against Defendants, BARIVEN, PSBV, and PDVSA for $16,702,732.62 plus interest due at time of payment of this balance in addition to all costs incurred in this matter.

                          Respectfully submitted,

                          HALL, LAMB, HALL & LETO, P.A.
                          2665 South Bayshore Drive - PH One
                          Miami, Florida 33133
                          TEL. 305-374-5030
                          FAX. 305-374-5033

                          */s/ Matthew P. Leto*
                          MATTHEW P. LETO
                          Florida Bar No.: 014504
                          mleto@hlhlawfirm.com

# Isaac Industries Inc.
ESTABLISHED IN 1971

7330 NW 36th AVENUE
MIAMI, FLORIDA 33147 USA
TEL: (305) 836-4040 / FAX: (305) 836-2403

P.O. BOX 414507
MIAMI, FLORIDA 33141 USA

DATE: 07/06/14

OUR CONTRACT NO.: 9510
INVOICE NO. 25012

## COMMERCIAL INVOICE

SOLD TO:
BARIVEN, S.A. C/O PDVSA SERVICES, B.V.
PRESIDENT KENNEDYLAAN 19
2517 JK THE HAGUE, THE NEDERLANDS

CONSIGNEE/NOTIFY PARTY:
BARIVEN S.A. / PETROQUIMA DE VENEZUELA, S.A.
CARRETERA NACIONAL MORON CORO COMPLEJO
PETROQUIMICO MORON
REP. BOLIVARIANA DE VENEZUELA

ISAAC INDUSTRIES INC., AS SELLER, HEREBY CONFIRMS HAVING CONCLUDED THE SALES CONTRACT WITH YOU (YOUR COMPANY), AS BUYER, TO SELL THE FOLLOWING GOODS ON THE DATE AND ON THE TERMS AND CONDITIONS HEREINAFTER SET FORTH:

| | |
|---|---|
| ORIGIN | : GERMANY (EUROPEAN UNION) |
| PAYMENT | : 60 DAYS AFTER DISCHARGE DATE<br>BUYER WILL ISSUE "PARENT PERFORMANCE GUARANTEE" TO SELLER FOR THE VALUE OF THE SHIPMENT. |
| SHIPMENT | : M/V ALESSANDRO DP V/81 |
| PACKING | : IN BULK |
| PORT OF SHIPMENT | : ROTTERDAM |
| PORT OF DISCHARGE | : VOPAK TERMINAL, PUERTO CABELLO, VENEZUELA |
| INSPECTION | : SGS NEDERLAND B.V. |
| LOADED ON BOARD DATE | : 07/06/14 |
| REMARKS | : PLEASE PAY WITHIN THE TERMS |
| INSURANCE | : CARGO INSURED ONLY FOR TOTAL LOST |
| BARIVEN'S ORDER NO.: | : 5100116335 |

| COMMODITY/DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 2-ETHYLHEXANOL | MT | 2000.000 | $2,975.00 | $5,950,000.00 |
| TOTAL CIF FREE OUT VOPAK TERMINAL, PUERTO CABELLO, VENEZUELA | | | | US$5,950,000.00 |



WE HEREBY CERTIFY THIS INVOICE TO BE TRUE AND CORRECT.

EXHIBIT A

**Isaac Industries Inc.**
ESTABLISHED IN 1971
7330 NW 36th AVENUE
MIAMI, FLORIDA 33147 USA
TEL: (305) 836-4040 / FAX: (305) 836-2403

P.O. BOX 414507
MIAMI, FLORIDA 33141 USA

DATE: 07/06/14

OUR CONTRACT NO.: 9510
INVOICE NO. 250122

# COMMERCIAL INVOICE

SOLD TO:
BARIVEN, S.A. C/O PDVSA SERVICES, B.V.
PRESIDENT KENNEDYLAAN 19
2517 JK THE HAGUE, THE NEDERLANDS

CONSIGNEE/NOTIFY PARTY:
BARIVEN S.A. / PETROQUIMA DE VENEZUELA, S.A.
CARRETERA NACIONAL MORON CORO COMPLEJO
PETROQUIMICO MORON
REP. BOLIVARIANA DE VENEZUELA

ISAAC INDUSTRIES INC., AS SELLER, HEREBY CONFIRMS HAVING CONCLUDED THE SALES CONTRACT WITH YOU (YOUR COMPANY), AS BUYER, TO SELL THE FOLLOWING GOODS ON THE DATE AND ON THE TERMS AND CONDITIONS HEREINAFTER SET FORTH:

| | | |
|---|---|---|
| ORIGIN | : | GERMANY (EUROPEAN UNION) |
| PAYMENT | : | 60 DAYS AFTER DISCHARGE DATE<br>BUYER WILL ISSUE "PARENT PERFORMANCE GUARANTEE" TO SELLER FOR THE VALUE OF THE SHIPMENT. |
| SHIPMENT | : | M/V ALESSANDRO DP V/81 |
| PACKING | : | IN BULK |
| PORT OF SHIPMENT | : | ROTTERDAM |
| PORT OF DISCHARGE | : | VOPAK TERMINAL, PUERTO CABELLO, VENEZUELA |
| INSPECTION | : | SGS NEDERLAND B.V. |
| LOADED ON BOARD DATE | : | 07/06/14 |
| REMARKS | : | PLEASE PAY WITHIN THE TERMS |
| INSURANCE | : | CARGO INSURED ONLY FOR TOTAL LOST |
| BARIVEN'S ORDER NO.: | : | 5100116336 |

| COMMODITY/DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 2-ETHYLHEXANOL | MT | 1997.287 | $2,975.00 | $5,941,928.83 |

TOTAL CIF FREE OUT VOPAK TERMINAL, PUERTO CABELLO, VENEZUELA     US$5,941,928.83



WE HEREBY CERTIFY THIS INVOICE TO BE TRUE AND CORRECT.
Tessie Millan

**Isaac Industries Inc.**
ESTABLISHED IN 1971
7330 NW 36th AVENUE
MIAMI, FLORIDA 33147 USA
TEL: (305) 836-4040 / FAX: (305) 836-2403

P.O. BOX 414507
MIAMI, FLORIDA 33141 USA

CONTRACT NO.: 9619
INVOICE NO. 25114

DATE: 09/19/14

## SHIPPING INVOICE

SOLD TO: (VENDIDO A):
BARIVEN, S.A.
C/O PDVSA SERVICES, B.V.
PURCHASING AGENT (BE00)
PRESIDENT KENNEYLAAN 19
2517 JK THE HAGUE THE NETHERLANDS

CONSIGNED/NOTIFY TO (CONSIGNADO/NOTIFICAR A):
BARIVEN, S.A./PEQUIVEN S.A.
CARRETERA NACIONAL MORON  CORO COMPLEJO
PETROQUIMICO MORON
REPUBLICA BOLIVARIANA DE VENEZUELA
CONTACT:  MR. JORGE CARDENAS – MOB CEL:  0416-6480638

ISAAC INDUSTRIES INC., AS SELLER, HEREBY CONFIRMS HAVING CONCLUDED THE SALES CONTRACT WITH YOU (YOUR COMPANY), AS BUYER, TO SELL THE FOLLOWING GOODS ON THE DATE AND ON THE TERMS AND CONDITIONS HEREINAFTER SET FORTH:

| | | |
|---|---|---|
| ORIGIN (ORIGEN) | : | GERMANY (EUROPEAN UNION) |
| PAYMENT (TERMINOS DE PAGO) | : | 60 DIAS AFTER DISCHARGE DATE |
| SHIIPMENT (EMBARQUE-VIA) | : | MIRO D |
| PACKING (EMPAQUE) | : | IN BULK |
| PORT OF SHIPMENT (PUERTO DE CARGA) | : | ROTTERDAM |
| PORT OF DISCHARGE (PUERTO DE DESCARGA) | : | VOPAK TERMINAL, PUERTO CABELLO - VENEZUELA |
| INSPECTION (INSPECCION) | : | SGS NEDERLAND B.V. |
| LOADED ON BOARD DATE (PUERTO DE CARGA) | : | SEPTEMBER 19, 2014 |
| BARIVEN'S PURCHASE ORDER (BARIVEN'S NUMERO DE ORDEN) | : | 5100119693 |
| REMARKS | : | PLEASE PAY WITHIN THE TERMS (FAVOR DE PAGAR DENTRO DE LOS TERMINOS DE PAGO) |
| INSURANCE: | | COVERED BY BUYER (CUBIERTO POR COMPRADOR) |

| COMMODITY/DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 2-ETHYLHEXANOL | MT | 1996.586 | $2,975.00 | 5,939,843.35 |

| | |
|---|---|
| TOTAL CFR FREE OUT VOPAK TERMINAL PUERTO CABELLO, VENEZUELA | US$5,939,843.35 |



WE HEREBY CERTIFY THIS INVOICE TO BE TRUE AND CORRECT.

-------------------------------------
Jesse Milian

**ORIGINAL**

Entre, **PETROQUIMICA DE VENEZUELA, S.A. (PEQUIVEN)**, sociedad mercantil anónima, constituida y domiciliada en Caracas, inscrita en el Registro Mercantil de la Circunscripción Judicial del Distrito Federal y Estado Miranda, el día 1° de diciembre de 1977, bajo el No. 35, Tomo 148-A de los libros respectivos, modificados sus Estatutos Sociales en varias oportunidades, siendo la última de ellas inscrita en la Oficina de Registro Mercantil Segundo de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha 26 de marzo de 2010, bajo el N° 10, Tomo 67-A-Sdo., (en lo adelante denominada "**PEQUIVEN**"), representada en este acto por José Luis Pérez, Pedro Lugo y Saúl Silva R., venezolanos, mayores de edad, titulares de las Cédulas de Identidad N° V- 11.671.141, 9.500.397 y 3.896.275,en sus condiciones de Director Comercial, Director Ejecutivo de Finanzas y Consultor Jurídico de la compañía y por la otra **ISAAC INDUSTRIES INC** Corporación constituida de acuerdo a las leyes del Estado de la Florida, Estados Unidos de Norteamérica (en lo adelante denominada "**LA EMPRESA**") representada en este acto por el ciudadano David Avan, mayor de edad, actuando en su carácter de **Presidente** de la compañía.

**CONSIDERANDO,** que **PEQUIVEN** ha asumido la deuda contraída por **BARIVEN** frente a **LA EMPRESA** por la cantidad de **US$17,831,772.18** a razón del contrato de pago con subrogación de deuda suscrito entre **Bariven S.A., PDVSA Services B.V., Pequiven e ISAAC INDUSTRIES INC.** en fecha _____ (en lo adelante referido como **Acuerdo Principal**).

**LAS PARTES** convienen suscribir el presente acuerdo de Compromiso de Pago según los siguientes términos y condiciones:

**Primera:** PEQUIVEN es deudor de **LA EMPRESA**, por la suma de 17,831,772.18 dólares de los Estados Unidos de Norteamérica como capital principal luego de la subrogación de deudas más la cantidad de _____ por concepto de intereses desde el vencimiento de las facturas hasta la presente fecha calculados a un Cinco (5%) por ciento anual.

**Segundo:** PEQUIVEN pagara antes del día 31 de diciembre de 2016 un quince por ciento (15%) de la deuda subrogada con sus intereses.

**Tercera:** PEQUIVEN se compromete a pagar a **LA EMPRESA**, el saldo restante luego del abono antes establecido, en la forma y condiciones que se expresa a continuación:

**a)** En un plazo de dieciocho meses (18) contados a partir del día Primero de Enero de 2017 en Seis (6) cuotas trimestrales.

**b)** Los intereses por concepto de financiamiento sobre la suma adeudada calculados a la tasa del 6 % anual desde el Primero de Enero de 2017 hasta el pago total de la deuda.

**c)** Posibilidad de avanzar en comercialización de productos o continuación de los negocios.

**Cuarta:** El presente acuerdo no quita el valor comercial y legal de las facturas que causaron la deuda ni significa un cambio de la misma.

a)Ambas partes, PEQUIVEN y LA EMPRESA, en caso de incumplimiento de contrato y solamente para propósitos del presente documento, no podrán alegar privilegio alguno por inmunidad y jurisdiccionales.

**Quinta:** Una vez efectuado el pago total de la deuda que se reconoce mediante este documento, constituirá la extinción de la obligación no pudiendo **LA EMPRESA** realizar ningún reclamo a

**PEQUIVEN S.A.**

La presente Carta de Compromiso es firmada en **DOS (2)** ejemplares, de un mismo tenor y a un solo efecto, en Miami, Florida, USA a los _____ (____) del mes de _____ de 2016.


Por **PEQUIVEN, S.A.**                    Por **LA EMPRESA**


_____                _____
SAUL SILVA                            DAVID AVAN


**EXHIBIT B**

Between **PETROQUIMICA DE VENEZUELA, S.A. (PEQUIVEN)**, a public limited company, constituted and domiciled in Caracas, registered in the Commercial Registry of the Judicial Constituency of the Federal District and the State of Miranda, on December 1st, 1977, under No. 35, Volume 148-A, of the corresponding books, modified its Bylaws on several occasions, the last one registered in the Office of the Second Commercial Registry of the Judicial Constituency of the Capital District and the State of Miranda, dated March 26, 2010, under No. 10, Volume 67-A-Sdo., (hereafter, referred to as "**PEQUIVEN**"), represented in this act by Jose Luis Perez, Pedro Lugo and Saul Silva R., Venezuelans, of legal age, with identification card numbers V-11.671.41, 9.500.397 and 3.896.275, in their capacity as Commercial Director, Finance Executive Director and Legal Counsel of the company, and, on behalf of the other party, **ISAAC INDUSTRIES INC.**, a corporation constituted in accordance with the laws of the State of Florida, United States of America (hereafter, referred to as "**THE COMPANY**") represented in this act by Mr. David Avan, of legal age, acting in his capacity as **President** of the company.

**CONSIDERING** that **PEQUIVEN** has assumed the debt incurred by **BARIVEN** owed to **THE COMPANY** in the amount of **US$ 17,831,772.18** with regard to the payment contract with subrogation of debt signed between **Bariven. S.A., PDVSA Services B.V., Pequiven, and ISAAC INDUSTRIES INC.** on _____ (hereafter referred to as the **Main Agreement**).

**THE PARTIES** agree to enter into the present Payment Commitment Agreement, according to the following terms and conditions:

**First:** **PEQUIVEN** is a debtor of **THE COMPANY** in the principal amount of **US$17,831,772.18** after the subrogation of debts plus the amount of _____ in interest, starting from the due date of the invoices until today, calculated at five percent (5%) annually.

**Second:** **PEQUIVEN** shall pay before December 31, 2016, fifteen percent (15%) of the subrogated debt plus interest.

**Third:** **PEQUIVEN** agrees to pay **THE COMPANY** the remaining balance after the aforementioned payment, in the manner and with the conditions stated below:

a) In a term of eighteen (18) months starting from January 1st, 2017; in six (6) quarterly installments.

b) The interest due for financing the amount owed, calculated at a rate of 6% annually, starting from January 1st, 2017 until the debt is paid in full.

c) Possibility of moving forward with product marketing or continuing doing business.

**Fourth:** This agreement does not eliminate the commercial and legal value of the invoices that resulted in this debt, nor does it mean a change in the same.

a) Both parties PEQUIVEN and THE COMPANY, in the event of breach of contract and only for the purposes of this document, shall not be able to allege any immunity or jurisdictional privilege.

**Fifth:** Once the total amount of the debt is fully paid, as stated in this document, it will represent the fulfillment of the obligation. **THE COMPANY** not being able to file any claim against

**PEQUIVEN, S.A.**

This Letter of Commitment is signed in **TWO (2)** equal counterparts and to one sole effect, in Miami, Florida, USA on the _____ of the month of _____ 2016.

On behalf of **PEQUIVEN S.A.**        On behalf of **THE COMPANY**

[Illegible Signature]                  [Illegible Signature]
SAUL SILVA                             DAVID AVAN

## TRANSLATION CERTIFICATION

I, Gabriela Vasallo, president and owner of Lexico LLC., certify that my company has translated from Spanish to English the preceding document "Pequiven" to the best of our professional translators' ability and knowledge, and it is a correct and true translation of the original.

*[signature]*

Gabriela Vasallo, President
Lexico LLC.

Oct. 9, 2018

Date