UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-23113-JLK/BECERRA

ISAAC INDUSTRIES, INC.,
a Florida Corporation,

    Plaintiff,

v.

PETROQUIMICA DE VENEZUELA, S.A.,
BARIVEN, S.A., PDVSA SERVICES, B.V.,
PETROLEOS DE VENEZUELA, S.A,

    Defendants.
_____/

## ORDER DENYING OBJECTIONS TO REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Objections, filed on July 21, 2021, (DE 55) to Magistrate Judge Jacqueline Becerra's Report and Recommendation, ("R&R") entered July 7, 2021 (DE 54). The Court has also considered Plaintiff's Response (DE 58).

Magistrate Judge Becerra recommends granting in part and denying in part Plaintiff's Motion to Deem Service Effective, or in the Alternative, for Leave to Serve Defendants Pursuant to 28 U.S.C. § 1608(b)(3)(B) (DE 35).[1] *See* R&R. That is, granting insofar as to allow Plaintiff to complete service as prescribed under § 1608(b)(3), which is "by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served." The R&R further recommends denying Plaintiff's request for the Court to deem Plaintiff's attempted service on Defendants (by serving process on the Central Authority in Venezuela without a response) as effective. R&R at 8.

---

[1] Additionally, Judge Becerra recommends granting without prejudice Defendant PDVSA Services, B.V.'s Motion to Dismiss (DE 39) because Plaintiff concedes that this particular Defendant had not been served. *See* R&R n.2.

Defendants' Objections were timely filed within the applicable 14-day period. Defendants argue that Magistrate Judge Becerra erred in (1) finding that service under the Hague Convention "cannot be made" and (2) recommending that Plaintiff may proceed with service upon Defendants "by any form of mail requiring a signed receipt" under the Foreign Sovereignties Immunity Act ("FSIA"). *See* DE 55. Specifically, Defendants argue that Plaintiff has failed to show that service of process is "impossible" under the Hague Convention, so Plaintiff must continue to wait for the Central Authority in Venezuela to complete service in accordance with the Hague Convention. *Id*. at 5. And further arguing that service by mail "recommended by Magistrate Judge Becerra, is prohibited under Venezuela law." *Id*. at 6.

In its Response to Defendants' Objections, Plaintiff argues that both objections are improper because they were raised before the Magistrate in Defendants' Response to Plaintiff's Motion and rejected. *See* DE 58. As such, Plaintiff argues that Defendants are not entitled to a *de novo* review, but rather the Court should review the R&R for clear error. Resp. at 1–2. Plaintiff further argues that it "diligently complied" with the Hague Convention service procedure and Defendants continue to ignore the Central Authority of Venezuela's failure to comply with the Hague Convention in its obligation to complete service. *Id*. at 6.

Despite Plaintiff's arguments and in light of Defendants' objections, the Court reviews the R&R *de novo*. 28 U.S.C § 636(b)(1). A *de novo* review requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Magistrate Judge Becerra did not err in finding that service under the Hague Convention cannot be made. Despite Plaintiff completing all necessary steps to effectuate service, the R&R

correctly states that it has been twenty-one (21) months without confirmation from the Central Authority in Venezuela, now even longer.² R&R at 3. And further stating that "[b]y any reasonable measure, it appears that service cannot be made under the Hague Convention." *Id*. at 9. The Court agrees: waiting indefinitely for confirmation that may never come is illogical and would render the controlling statute useless.

Magistrate Judge Becerra also did not err in allowing service by any form of mail requiring a signed receipt pursuant to 28 U.S.C. §1608(b)(3)(B). As the R&R correctly points out and the plain language suggests, "[t]he provisions for service under section 1608 are hierarchical, such that a plaintiff must attempt the methods of service in the order they are laid out in the statute." R&R at 7 (quoting *Magness v. Russian Fed'n*, 247 F.3d 609, 613 (5th Cir. 2001)). Here, Plaintiff has attempted service under the first applicable statute §1608(b)(2) (under the Hague Convention) for almost two years without success. The Court now looks to the next applicable provision of the statute, § 1608(b)(3), and finds that service should be made "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served." *See* 28 U.S.C. § 1608(b)(3).

Additionally, Defendants argue that "service of process 'by any form of mail requiring a signed receipt,' provided for in § 1608(b)(3)(B) and recommended by Magistrate Judge Becerra, is prohibited under Venezuela law." DE 55 at 6. The Court finds that service cannot be completed under § 1608(b)(1) or § 1608(b)(2). Turning to § 1608(b)(3), service is allowed:

> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, **or**

---

² Plaintiff argued in front of Magistrate Judge Becerra that given the Central Authority's failure to provide proof of service and "the length of time that has elapsed," the Court should deem service effective, citing Article 15 of the Hague Convention. R&R at 3–4. Defendants correctly point out that Article 15 is limited to provide the "minimum requirement for obtaining a default judgment." *Id.* At that time Plaintiff had not moved for default judgement. Since the R&R was entered, Plaintiff moved for Clerk's Entry of Default (DE 56) and on August 2, 2021, the Clerk entered an Order of Non-Entry of Default. (DE 57). Regardless, the Court still affirms Magistrate Judge Becerra's R&R for the reasons stated herein.

> (C) as directed by order of the court consistent with the law of the place where service is to be made. (emphasis added).

While service may not be allowed under Venezuelan law as Defendants argue, the plain language of Foreign Sovereignties Immunity Act still allows for service by mail requiring a signed receipt as the R&R recommends. Defendants state that Venezuela objects to Article 10(a) of the Hague Convention which allows "send[ing] judicial documents, by postal channels, directly to persons abroad." DE 55 at 8 (quoting 20 U.S.T. 362, T.I.A.S. 6638, Art. 10(a)). However, because service under the Hague Convention is impossible, the Court looks to the next applicable subsection of the FSIA (§ 1608(b)(3)(B)) and it allows service by mail.

The Court has considered these objections and the pleadings. After careful consideration, the Court finds that Magistrate Judge Becerra's well-reasoned R&R (DE 54) accurately states the facts and law of the case.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Defendant's Objections **(DE 55)** to Magistrate Judge Becerra's Report and Recommendation are hereby **DENIED;**

2. Magistrate Judge Jacqueline Becerra's July 7, 2021 Report and Recommendation **(DE 54)** be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court;

3. Plaintiff may to complete service pursuant to 28 U.S.C. § 1608(b)(3)(B); and

4. Defendant PDVSA Services, B.V.'s Motion to Dismiss **(DE 39)** is hereby **GRANTED WITHOUT PREJUDICE**.

      **DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of September, 2021.

                                                              JAMES LAWRENCE KING  
                                                             UNITED STATES DISTRICT JUDGE

**cc:**    **Magistrate Judge Jacqueline Becerra**  
          **All counsel of record**